IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR-07-123S |
| DANIEL DELACRUZ | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Due to the unique travel of this case and upon review of the Presentence Report (PSR), the government recommends a sentence of 97 months imprisonment, a sentence which is significantly below the low end of the guideline range.

On November 19, 2007, the defendant pled guilty to possession of marihuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Prior to signing the plea agreement, the defense counsel and the government discussed the applicable guideline range. Although the government made no guarantees regarding its estimate of the guideline range, the government did estimate that the range, in light of the defendant's career offender status, would be 37-46 months imprisonment, with a consecutive 60 month term of imprisonment on Count III. That is,

the government estimated that the defendant's guideline range would be 97 - 106 months imprisonment.

On February 28, 2008, the U.S. Probation Office prepared a PSR which calculated the defendant's guideline range to be 262-327 months, inclusive of a five-year consecutive sentence on Count III. The probation officer arrived at this guideline range by applying U.S.S.G. § 4B1.1(c)(3), the provision of the career offender guideline applicable to career offenders who violate 18 U.S.C. § 924(c). It appears that the probation officer correctly applied the guidelines in this case. No objections have been filed.

The defendant's guideline range of 262-327 months is significantly above the range estimated by the government. While the government does not speak for the defendant, in estimating the guideline range, the government overlooked the impact of U.S.S.G. § 4B1.1(c)(3) on the defendant's guideline range. As a result, the defendant's low-end guideline range is 165 months above the estimate of the government.

While the government believes that the defendant would have no grounds to complain about the guideline range in light of the Court's change of plea colloquy with the defendant, the government believes that given the difference between its estimate communicated to defense counsel and the guideline range in the PSR, in the interest of fairness, the government will

recommend a sentence of 97 months.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATE OF SERVICE

On March 17, 2008, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Damon D'Ambrosio
215 Broadway Street
Providence, Rhode Island 02903

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj